# IN THE COURT OF APPEALS OF IOWA

No. 18-2154
Filed September 11, 2019

IN RE THE MARRIAGE OF JAMES TIMOTHY SALURI
AND SANDRA SUE SALURI

Upon the Petition of
JAMES TIMOTHY SALURI,
        Petitioner-Appellant,

And Concerning
SANDRA SUE SALURI,
        Respondent-Appellee.

_____

        Appeal from the Iowa District Court for Polk County, Samantha Gronewald,

Judge.

        Petitioner appeals the district court order setting a postsecondary education

subsidy for the parties' children. **AFFIRMED.**

        Mark Simons of Simons Law Firm, PLC, West Des Moines, for appellant.

        Andrew B. Howie of Shindler, Anderson, Goplerud & Weese, P.C., West

Des Moines, for appellee.

        Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

James Saluri appeals the district court's ruling on a postsecondary education subsidy. We find the district court correctly found good cause for the subsidy and properly applied the statutory three-step process to calculate James's share of the subsidy. The court did not abuse its discretion in awarding Sandra Saluri attorney fees. We affirm.

## I.  Background Facts & Proceedings

James and Sandra were previously married. They are the parents of N.S., born in 1997, and T.S., born in 1999. The parties' dissolution decree, filed on February 1, 2013, did not include a postsecondary education subsidy but did reserve the court's jurisdiction to determine the appropriate contribution from each party.

On July 19, 2018, Sandra filed a motion to establish the parties' postsecondary subsidy for both children. N.S. was a rising senior at Iowa State University[1] and T.S. was going to be a freshman at the University of Iowa.

On August 29, the court held a hearing at which both parents testified. James testified he thought the children should pay for their own schooling. He testified his current wife had a full-time job and paid her own child support obligations and divorce expenses and their joint cell phone bill. James testified he was responsible for all other regular household expenses, which took up nearly his entire monthly income. James did not offer any support for his claimed expenses.

---

[1] James did not provide financial support for N.S.'s first three years of school. Sandra contributed money she had saved from child support to help N.S. with postsecondary education costs.

The court ordered James and Sandra each contribute $5027.00 toward N.S.'s expenses for the 2018-2019 school year. The court ordered each to contribute $6623.25 toward T.S.'s 2018-2019 postsecondary education expenses. The contributions were to be made directly to either the schools or the children. The court also ordered James pay $1500 of Sandra's attorney fees.

James filed a motion to enlarge or amend, requesting the court modify the subsidy for T.S. down to $150 per month, eliminate the subsidy for N.S., and eliminate the attorney fees awarded. The court found James was not credible concerning his claim that his wife contributed nothing to household expenses, and noted James offered no support for his claimed expenses. The court did not modify its ruling. James appeals.

## II. Standard of Review

"A proceeding to modify or implement a marriage dissolution decree subsequent to its entry is triable in equity and reviewed de novo on appeal." *In re Marriage of Pals*, 714 N.W.2d 644, 646 (Iowa 2006) (citation omitted). In equity proceedings, we give weight to the factual findings of the district court, especially when considering the credibility of witnesses, but are not bound by those findings. Iowa R. App. P. 6.904(3)(g).

## III. Postsecondary Education Subsidy

If good cause is found, Iowa Code section 598.21F (2018) allows a court to order a postsecondary education subsidy payable for a child pursuing a higher education. James contends there is no "good cause" for the court to order a subsidy for the school costs of N.S. He also argues the court's subsidy as to T.S. is higher than the suggested "family contribution" on T.S.'s financial award

notification. James further claims the court erred in finding his monthly expenses had been inflated and he could not afford to pay the court-ordered subsidy.

"In determining good cause, the court must take into account 'the age and ability of the child, the child's financial resources, whether the child is self-sustaining, and the financial situation of the parents.'" *In re Marriage of Larsen*, 912 N.W.2d 444, 449 (Iowa 2018) (citation omitted). "[W]e do not require the same amount of parental sacrifice for postsecondary education subsidies as we would for payment of child support. *In re Vaughan*, 812 N.W.2d 688, 695 (Iowa 2012). "[A] postsecondary education subsidy must not cause undue financial hardship on a parent." *Id.* The court may reduce the subsidy to take into account a parent's meager means. *In re Marriage of Neff*, 675 N.W.2d 573, 578–79 (Iowa 2004). James's primary argument on appeal is the court did not adequately consider his financial condition when it found good cause existed for the subsidy.

James has a yearly salary of $62,499, over twenty-thousand dollars a year higher than Sandra's $41,600 salary. He claims he is unable to pay a subsidy towards the education of his children. In the alternative, James asserts any subsidy should be reduced to a modest amount. James submitted a monthly budget that showed he spent all but forty-three dollars of his salary each month on living expenses. James testified he paid all expenses for his home and utilities while his wife paid only their joint cell phone bill. The court expressly found his testimony not credible. The court noted that under James's submitted budget he could not have paid his child support obligation, but he had. The court also found James minimized his wife's contribution to their monthly expenses and questioned the veracity of his claimed expenses. On our de novo review of the record, and

giving deference to the court's credibility finding, we agree with the district court there is good cause for James to pay a postsecondary education subsidy for each child and James has sufficient income and net worth to support the ordered subsidy.

If good cause is shown, the court determines the cost of postsecondary education, determines the child's reasonably-expected contribution, and then allocates the remaining costs between parents up to one-third the total cost of the education. *Larsen*, 912 N.W.2d at 448–54 (examining the statutory three-step process found in Iowa Code section 598.21F(2)). Step one requires determining the reasonable costs for necessary postsecondary education expenses. Iowa Code § 598.21F(2)(a). "[T]he cost of attendance as published by each institution . . . is presumed to be the reasonable and necessary cost of attending an in-state public institution" for a court to use in making subsidy calculations under section 598.21F(2)(a). *Id.* at 450. The district court properly applied the first step.

In step two, the court determines the child's reasonable contribution, including scholarships, grants, loans, and the child's income. Iowa Code § 598.21F(2)(b). Scholarships are included as part of the child's contribution and not subtracted from the reasonable costs under step one. *Larsen*, 912 N.W.2d at 451–52. Whether to include available loans in the child's contribution is circumstance-dependent, as is the child's ability to earn income. *Id.* at 452. We find the court's decisions to not include student loans for N.S. and to include student loans for T.S. as part of the child's expected contribution were equitable under these circumstances.

For step three of the statutory framework, the court deducts the child's expected contribution and divides the remaining cost between parents. Iowa Code § 598.21F(2)(c). The statute places a maximum contribution from each parent at one-third the cost as determined under step one. *Id.* The subsidy per parent calculated here is less than one-third the total cost for each child and within the statutory parameters. The court's calculations follow the statutory framework.

We affirm the district court's order for postsecondary education subsidy.

## IV.     Attorney Fees

James contests the district court's order to pay $1500 of Sandra's trial attorney fees. Whether attorney fees should be awarded depends on each party's ability to pay, and we review an award for an abuse of discretion. *In re Marriage of Sullins*, 715 N.W.2d 242, 255 (Iowa 2006). Based on the record before us, we cannot say the district court abused its discretion.

Sandra requests appellate attorney fees. Appellate attorney fees rest within our discretion, and we consider "the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal." *Id.* (citation omitted). We determine James should pay $2000 toward Sandra's appellate attorney fees.

After considering all James's arguments, we affirm the decision of the district court.

**AFFIRMED.**